846 F.2d 74
 25 Fed. R. Evid. Serv. 978
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marjorie COLVIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Shevay THOMAS, a/k/a Vic, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman Malcolm INGRAM, a/k/a Bigelow, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas TOMLIN, a/k/a Gater, Defendant-Appellant.
 No. 87-5586.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1988.
Decided May 12, 1988.
 
 David Ferris Tamer, Thomas J. Keith, Locke Turner Clifford (McNairy, Clifford, Clendenin & Parks on brief) for appellants.
 Douglas Cannon, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, Becky M. Strickland, CLA, Paralegal Specialist on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marjorie Colvin, Victor Thomas, Herman Ingram and Thomas Tomlin appeal from their convictions for drug-related offenses, separately raising various issues. We affirm.
 
 I.
 
 2
 Defendants were convicted of varying degrees of involvement in a conspiracy to distribute cocaine and marijuana in Winston-Salem, North Carolina. Marjorie Colvin elected to testify at trial and denied any involvement in the conspiracy. She attempted to explain her actions as those of an innocent person misled by her cousin, Terry Lee Smith, one of the co-conspirators. The jury rejected her testimony and convicted her of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana. She was sentenced to two years imprisonment. She argues that the district judge improperly increased her sentence above the sentence which would have otherwise been imposed because he believed that she committed perjury.
 
 
 3
 A sentencing judge may consider a defendant's false testimony in imposing sentence "in light of all the other knowledge gained about the defendant." United States v. Grayson, 438 U.S. 41, 55 (1978). Colvin was convicted of conspiracy under 21 U.S.C.A. Sec. 846 (West 1981), which is "punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy." At the time of Colvin's commission of the offense the maximum sentence of imprisonment for distribution and possession with intent to distribute cocaine was 15 years, and 5 years for marijuana. 21 U.S.C.A. Sec. 841(b)(1)(A) and (B) (West 1981). At the sentencing hearing the district judge considered a number of factors, including Colvin's false testimony, before imposing a two-year sentence. The sentence was well below the statutory maximum and within the discretion of the district judge.
 
 II.
 
 4
 Herman Ingram argues that the district judge committed reversible error in denying his motion for mistrial after the government introduced testimony of a prior conviction. There was no timely objection to this testimony and it did not constitute plain error. Fed.R.Evid. 103(a)(1), (d).
 
 III.
 
 5
 Thomas Tomlin contends that the district judge erred in allowing the government to introduce a transcript of telephone conversations in which the speakers were identified in the margin of the pages. He does not dispute the admissibility or the accuracy of the transcript, or of the tape recordings from which they were derived. Tomlin's sole contention is that the identification in the margin of the transcript of himself as a speaker was hearsay. We find that this identification was not reversible error. See United States v. Slade, 627 F.2d 293, 302-03 (D.C.Cir.), cert. denied, 449 U.S. 1034 (1980).
 
 
 6
 Special Agent Robert Drdak testified concerning the circumstances of the wiretap surveillance and the transcription of the tapes. He stated that he verified the speakers in the conversations for the purpose of transcription. At trial he testified that he had identified the voices on the tapes as belonging to the persons whose names appeared opposite the transcriptions of the recorded conversations. The district judge also provided cautionary instructions to guide the jury in consideration of the transcript and the tapes. See United States v. Collazo, 732 F.2d 1200, 1203-04 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985).
 
 
 7
 Defendants' remaining allegations of error are without merit.
 
 
 8
 AFFIRMED.